IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHRISTOPHER YOUNG** | * | |
| **Plaintiff,** | | |
| v. | * | **CIVIL ACTION NO. PWG-16-291** |
| **COMMISSIONER SUPRIS** | * | |
| **COMMISSIONER'S OFFICE** | | |
| **Defendants.** | * | |

\*\*\*\*\*

## MEMORANDUM

On February 2, 2016, Christopher Young, a resident of Clinton, Maryland, filed this self-represented complaint against Commissioner "Supris" and the "Commissioner's Office." He sets out no facts, but provides the following brief statement in support of this Court's jurisdiction: "I tried to press charges a lot of times but she refuse[d] to look at my evidence." Compl. 1, ECF No. 1. Young seeks damages of $10,000.00 against Supris "for not stopping people since 2012." *Id.* at 3. He has filed a Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. Because he appears indigent, leave to proceed without prepayment of the filing fee shall be granted. Young's Complaint shall, however, be summarily dismissed for the failure to state a claim.

Pursuant to 28 U.S.C. § 1915(e)(2),[1] the courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Fogle v. Blake*, 227 Fed. App'x 542, 2007 WL 1989637, at *1 (8th Cir. July 10, 2007) (affirming district court's pre-service

---

[1] The statute provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

dismissal of non-prisoner's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a complaint brought by former prisoner who was subject to civil, not criminal, confinement at time of filing); *Evans v. Albaugh*, No. 13-11, 2013 WL 5375781, at *2 (N.D. W. Va. Sept. 25, 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, Young is proceeding *pro se*. When reviewing a *pro se* complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a *pro se* plaintiff's pleadings are liberally construed, a plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [a plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, a plaintiff must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. *Id.*

Upon generous construction of the complaint, I find that Plaintiff has failed to set out a claim entitling him to relief. To the extent that Young seeks damages against Supris, who is presumably a

2

State Court Commissioner, he has failed to state a claim. In our legal system, the decision whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012), *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert. denied*, 133 S. Ct. 1263 (2013). In short, Young has no federal interest in the prosecution of others and may not seek damages for the failure of state court personnel to do so. If Young wishes to pursue criminal charges, he must bring his allegations to the attention of law enforcement authorities. For the aforementioned reasons, the Court hereby dismisses the case for the failure to state a claim against defendants.

Date: March 10th, 2016

_____
Paul W. Grimm
United States District Judge